
STEVEN G. KALAR
Federal Public Defender
DANIEL P. BLANK
Senior Litigator
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:  (415) 436-7700
Facsimile:   (415) 436-7706
Email:         Daniel_Blank@fd.org

Counsel for Defendant TIRADO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR TIRADO,<br><br>Defendant. | **Case No.:** CR 19–0402 CRB<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>**Court:** Hon. Charles R. Breyer<br>**Date:** September 15, 2020<br>**Time:** 1:00 p.m. |
|---|---|

**ARGUMENT**

Defendant Oscar Reyes Tirado has pleaded guilty in the instant case to one count of selling $10 worth of heroin to an undercover officer in the Tenderloin nearly two years ago in October 2018. PSR ¶¶ 6-8; *see also* Plea Agreement ¶ 3 (Docket #19) (filed Oct. 23, 2019).[1]  Mr. Reyes Tirado made his initial appearance in federal court in August 2019 and has been on pretrial release since September 2019, including after pleading guilty in October 2019.  PSR ¶ 4.  This Court extended the time for sentencing, first to allow Mr. Reyes Tirado to address the long-standing drug addiction (and trauma from the severe abuse he suffered as a child) at the root of his criminal conduct, and then to

---

[1] Concurrently with that plea, Mr. Tirado also admitted that he sold $8 worth of crack cocaine to an undercover officer in July 2019.  *See* PSR ¶¶ 9-10; Plea Agreement ¶ 3.

accommodate the coronavirus pandemic.  Despite some challenges and set-backs, Mr. Reyes Tirado has steadfastly continued to address his drug addiction and traumatic history, and is currently in the rigorous residential drug treatment program at New Bridge.  *Id.*  For these reasons, the Court should vary downward from the advisory guideline range of 15-21 months and impose a sentence of "time served" to be followed by three years supervised release.

Mr. Reyes Tirado was born in Puerto Rico and first came to the mainland at age 16.  PSR ¶¶ 69-70.  His father was absent during his upbringing and his mother physically abused him:  she "used anything she could find" to hit him; she would burn his hands by placing them over the stove, beat him in the shower, make him kneel on rice grains, and locked him naked in the laundry room; in addition, his mother abused alcohol and had other men in the house who also physically abused him.  *Id.* ¶ 70.  By the time Mr. Reyes Tirado was 10 years old, he ran away from home and stopped attending school.  *Id.*  A woman took him in and cared for him, and he resided there in her home, along with her four children.  *Id.*  At age 13, he was asked to leave after the woman found drugs and weapons in the home.  *Id.*  He went to live with his grandmother for approximately two years; however, he continued getting in trouble as he was using drugs.  *Id.*  At age 16, his grandmother sent him to live with his father, his stepmother, and his brother Rico, in San Francisco, California.  *Id.*  His father left the home approximately three days after the defendant's arrival, leaving his stepmother to raise him and Rico.  *Id.*  Mr. Reyes Tirado was not attending school during this time.  *Id.*  By the time Mr. Reyes Tirado reached age 21, he met a girlfriend and moved out of the house.  *Id.*

Mr. Reyes Tirado's criminal history is completely nonviolent and directly related to his drug addiction.  *See id.* ¶¶ 26-32.  While on pretrial release in the instant case, Mr. Reyes Tirado has struggled at times but, thanks to the patient and understanding support of the U.S. Pretrial Services Officer and Magistrate Judge, he has never given up on his efforts to address his trauma-fueled drug addiction.  *See id.* ¶¶ 80-85.  To this end, Mr. Reyes Tirado is currently undergoing residential drug treatment at the rigorous New Bridge Foundation.  *Id.* ¶¶ 4, 84.

Notwithstanding these facts and circumstances, the government and the U.S. Probation Officer both recommend that the Court impose a sentence upwards of one year in prison.  But even if the public health impacts of the coronavirus pandemic were not already a strong enough disincentive

against incarcerating non-violent people like Mr. Reyes Tirado, his own ongoing efforts over the past year in getting the treatment that he needs themselves warrant a non-custodial sentence in this case of selling $10 worth of heroin to an undercover officer in 2018.

## CONCLUSION

For the foregoing reasons, the Court should sentence Mr. Reyes Tirado to a sentence of "time served" to be followed by three years supervised release.

Dated:  September 8, 2020                    Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
Northern District of California

                          /S
DANIEL P. BLANK
Senior Litigator